UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60624-CIV-ZLOCH/ROSENBAUM

HARVEY GOODMAN,

    Plaintiff,

vs.

TATTON ENTERPRISES, INC., d/b/a
THAI SPICE RESTAURANT, and
SAUL & J STRACHMAN REV LIV TRUST,

    Defendants.
_____/

**ORDER**

    This matter is before the Court upon Plaintiff's Motion for Enlargement of Time to Appear for Deposition. [D.E. 126]. In the Motion, Plaintiff seeks an extension of time within which the deposition of his client may occur. In support of this Motion, Plaintiff's counsel states that he is "currently out of the country, in Israel, for the Passover Holiday, as well as a family obligation, and is expected to return by May 1, 2012."[1] *Id.* at ¶ 2.

---

[1] Previously, Plaintiff's counsel filed his Notice of Unavailability [D.E. 121], stating that he would be "out of this jurisdiction and out[] of[] the[] country, in Israel, on . . . April 12, 2012[,] through and including May 5, 2012." *Id.* at 1. The Court notes that, this year, Passover began on April 6, and, in Israel, ended on the evening of April 13, 2012, thus, placing counsel in Israel for, at most, the last two days of the seven-day holiday — particularly significant, in view of the fact that the major rituals — the two seders — occur within the first two nights and days of the holiday. This Court has a deep appreciation and respect for an individual's ability to observe and celebrate religious holidays. But Plaintiff's counsel has now twice invoked religious holidays as bases for seeking extensions of Court-imposed deadlines under circumstances tending to suggest that counsel's stated reasons for the requested continuances were not, in fact, the true reasons for his motions. *See* D.E. 96 (seeking third extension of time to file response to Defendants' Joint Motion for Sanctions, based on Shemini Atzeret and Simchat Torah, and stating religious need not to work during the holiday, yet filing the motion seeking the extension of time during the middle of the very same holiday period, which counsel had specifically requested as the due date in the prior motion for extension of

While the Court is willing to accommodate Plaintiff's request for an extension of time within which Plaintiff must sit for his deposition, Defendants should not be prejudiced as a result. In the first place, the deposition is already an accommodation to Plaintiff so that he will not have to appear in person to testify at the hearing. The Court gave Plaintiff's counsel a three-week period within which to set the deposition — from April 4, 2012, through April 25, 2012. Moreover, the Court set the hearing an additional three weeks after that, for May 14, 2012, so the parties could order the transcript at regular rates and have it in time to use for the hearing. Extending the deadline for the taking of Plaintiff's deposition, however, will likely require expediting of the transcript so that it may be reviewed in time to be used at the hearing. Therefore, to the extent that the continuance requested by Plaintiff's counsel for the holding of Plaintiff's deposition necessitates the ordering of an expedited transcript so that it may be in the parties' hands by no later than May 7, 2012, Plaintiff shall pay the costs of expediting the preparation of the transcript.[2]

Thus, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Enlargement of Time to Appear for Deposition [D.E. 126] is hereby **GRANTED**. Accordingly, Plaintiff shall sit for his deposition by no later than May 2, 2012. Barring extenuating circumstances, no further extensions will be granted. If Plaintiff fails to sit for his deposition by May 2, 2012, he will be required to appear and testify at the evidentiary hearing scheduled for May 14, 2012. *See* D.E. 117.

Plaintiff's counsel shall also ensure that Plaintiff's deposition transcript is delivered to counsel for Defendants by no later that May 7, 2012, to allow for adequate time to review the

---

time) ; D.E. 97. The Court reminds counsel that it expects counsel to comply with his duty of candor to this Court, and to do otherwise is unacceptable and will result in serious consequences.

[2]Each party shall bear its own costs associated with the regular preparation of a transcript.

transcript and prepare for the May 14, 2012, evidentiary hearing.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 19th day of April 2012.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Honorable William J. Zloch
        counsel of record