UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60624-CIV-ZLOCH/ROSENBAUM

HARVEY GOODMAN,

     Plaintiff,
vs.

TATTON ENTERPRISES, INC., d/b/a
THAI SPICE RESTAURANT, and
SAUL & J STRACHMAN REV LIV TRUST,

     Defendants.
_____/

## NOTICE OF INTENT TO SEEK UNSEALING OF ORDER

This matter is before the Court upon Defendants' Joint Motion for Sanctions [D.E. 80] and Plaintiff's Motion for Sanctions [D.E. 113], referred to me by the Honorable William J. Zloch. *See* D.E. 92; D.E. 134. Defendants seek sanctions under 28 U.S.C. § 1927, alleging that Plaintiff's counsel has unreasonably and vexatiously multiplied the proceedings, and under the Court's inherent powers. Plaintiff seeks sanctions under Rule 11, Fed. R. Civ. P.

The Court has presided over a day-and-a-half-long hearing and has heard evidence regarding Mr. Weitz's alleged pattern of practice. Among other cases relied upon by Defendants in this matter, Defendants point to *Hasday v. Brinker Florida, Inc.*, Case No. 04-20737-CIV-GRAHAM/GARBER (S.D. Fla.). In that case, the defendant restaurant that Mr. Weitz's client sued closed, thereby undermining the plaintiff's standing. *See* Case No. 04-20737, D.E. 23-1. Although the defendant brought this fact and supporting case law to Mr. Weitz's attention, *see* Case No. 04-20737, D.E. 7-1 at 16-20, Mr. Weitz refused to dismiss the case, instead insisting on receiving attorney's fees and costs. *See* Case No. 04-20737, D.E. 7-1 at 2; D.E. 37-1. The Honorable Barry Garber held a hearing

on the defendant's motion and entered a report and recommendation recommending the imposition of sanctions, and the district court apparently adopted and ratified Judge Garber's report and recommendation.  *See* Case No. 04-20737, D.E. 31; D.E. 37-1 (describing the report and recommendation); 56-1 (referring to the district court's order adopting and ratifying Judge Garber's report and recommendation).  Subsequently, the parties settled the matter.  *See* Case No. 04-20737, D.E. 54-1.  Thereafter, the parties filed a joint motion seeking to seal the report and recommendation and order.  *See* Case No. 04-20737, D.E. 56-1 at 1 (describing the process).  Ultimately, Judge Garber granted the request and sealed the report and recommendation, the order, and other documents in the court file.

During the hearing in the case at hand, Mr. Weitz explained that he had simply misunderstood the law in *Brinker* and not realized that the closure of a restaurant rendered an ADA case moot.  He denied having litigated in bad faith.

Following the hearing, the Court undertook a more thorough review of the record in *Brinker*. Based on a review of the publicly available filings in *Brinker*, it appears that Mr. Weitz's conduct in that case may be relevant to determining whether Mr. Weitz has engaged in a pattern of abusive litigation tactics and whether Mr. Weitz's litigation tactics in the pending matter are in bad faith. **Therefore, this filing provides notice that the Court intends to request of Judge Garber all sealed documents in *Brinker* for review in the instant case and, if deemed relevant to the issues before this Court, for discussion in any report and recommendation that this Court might issue on the motions pending in this case.  Should Plaintiff or Mr. Weitz wish to be heard on the Court's intention to seek the sealed *Brinker* documents, Plaintiff or Mr. Weitz shall file any**

**objections in writing by no later than 5:00 p.m. on Tuesday, May 22, 2012.**

**DONE and ORDERED** at Fort Lauderdale, Florida, this 17th day of May 2012.

/s/ Robin S. Rosenbaum
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc: Honorable William J. Zloch
Counsel of Record

3