UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60624-CIV-ZLOCH/ROSENBAUM

HARVEY GOODMAN,

      Plaintiff,

vs.

TATTON ENTERPRISES, INC., d/b/a
THAI SPICE RESTAURANT, and
SAUL & J STRACHMAN REV LIV TRUST,

      Defendants.
_____/

## ORDER

This matter is before the Court upon Plaintiff's Counsel's Objections to Court's Notice of Intent to Seek Unsealing of Order [D.E. 142]. Previously, the Court issued its Notice of Intent to Seek Unsealing of Order in *Hasday v. Brinker Florida, Inc.*, Case No. 04-20737-CIV-GRAHAM/GARBER (S.D. Fla.). *See* D.E. 139. As the Court explained in that Notice, in *Brinker*,

> The Honorable Barry Garber held a hearing on the defendant's motion [for sanctions against Mr. Weitz] and entered a report and recommendation recommending the imposition of sanctions, and the district court apparently adopted and ratified Judge Garber's report and recommendation. *See* Case No. 04-20737, D.E. 31; D.E. 37-1 (describing the report and recommendation); 56-1 (referring to the district court's order adopting and ratifying Judge Garber's report and recommendation). Subsequently, the parties settled the matter. *See* Case No. 04-20737, D.E. 54-1. Thereafter, the parties filed a joint motion seeking to seal the report and recommendation and order. *See* Case No. 04-20737, D.E. 56-1 at 1 (describing the process). Ultimately, Judge Garber granted the request and sealed the report and recommendation, the order, and other documents in the court file.
>
> During the hearing in the case at hand, Mr. Weitz explained that he had simply misunderstood the law in *Brinker* and not realized that the closure of a restaurant rendered an ADA case moot. He denied having litigated in bad faith.

> Following the hearing, the Court undertook a more thorough review of the record in *Brinker*. Based on a review of the publicly available filings in *Brinker*, it appears that Mr. Weitz's conduct in that case may be relevant to determining whether Mr. Weitz has engaged in a pattern of abusive litigation tactics and whether Mr. Weitz's litigation tactics in the pending matter are in bad faith.

*Id.* Accordingly, the Court issued its Notice to advise Mr. Weitz that it intended to seek unsealing of "documents in *Brinker* for review in the instant case and, if deemed relevant to the issues before this Court, for discussion in any report and recommendation that this Court might issue on the motions pending in this case." *Id.* The Court then provided Mr. Weitz with time to file objections to the Court's seeking of the unsealing of the *Brinker* documents.

Mr. Weitz timely filed his Objections [D.E. 142]. After careful consideration of Mr. Weitz's Objections, the Court overrules the Objections.

*1. The Court Does Not Seek to Reopen* Brinker

First, Mr. Weitz asserts that unsealing documents from *Brinker*

> would undo the effect of a final resolution of a civil case, [and] the only vehicle to do so within the Federal Rules of Civil Procedure would be Rule 60(b). However, because none of the parties in the [*Brinker*] proceeding has requested Rule 60(b) relief, and because no apparent ground under Rule 60(b) would permit such relief in this context, reopening the proceedings of that case would appear to be procedurally barred.

D.E. 142 at 1-2. To be clear, however, the Court is not seeking to "reopen" *Brinker*. Nor has the Court ever made such a suggestion. Instead, as the Court expressly stated in its Notice, the Court seeks only unsealing of "documents in *Brinker* for review in the instant case and, if deemed relevant to the issues before this Court, for discussion in any report and recommendation that this Court might issue on the motions pending in this case." D.E. 139. The simple act of unsealing a document does

2

not reopen the merits of closed litigation or affect the terms of settlement.[1]  Consequently, Mr. Weitz's first objection is overruled.

*2. Mr. Weitz's Prior Litigation Practices in Federal Court are Admissible Evidence With Respect to the Sanctions Motions Pending Against Mr. Weitz*

Mr. Weitz also challenges the unsealing of the *Brinker* documents on the basis that the documents are not admissible in the sanctions inquiry against him.  In support of this contention, Mr. Weitz invokes Rules 403, 404(b), and 406, Fed. R. Evid.  All of Mr. Weitz's objections lack merit.

Defendants have moved for sanctions against Mr. Weitz under 28 U.S.C. § 1927 and the Court's inherent powers.  *See* D.E. 80.  A relevant and proper consideration in the Court's analysis of whether sanctions are appropriate includes an attorney's litigation history.  *See Thibaeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992) ("Once the district court has recognized a pattern of misbehavior on an attorney's part, the court would be blinking reality in not taking counsel's proven propensities into account.  We rule, therefore, that a trial court may properly give some consideration to a lawyer's behavior in previous cases when determining whether to accept the attorney's explanation [of his behavior in the pending case]"); *Johnson v. Comm'r of Internal Revenue*, 289 F.3d 452, 456 (7th Cir. 2002) ("The Tax Court was not required to ignore [the attorney's] bad conduct in other cases; indeed it would have been remiss not to consider it"); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1995) ("Obviously,

---

[1] While Mr. Weitz's brief in *Brinker* states that "the parties jointly agreed to the relief of not only sealing of the report and order, but of vacation of those orders," Case No. 04-20737, D.E. 56-1 at 3, it seems clear from a review of all of the publicly available filings in *Brinker* that the parties made their joint motion to satisfy a concern that only Mr. Weitz had.  Indeed, after the *Brinker* Court only sealed the documents at issue but did not vacate them, only Mr. Weitz again sought vacation of the contested orders, explaining, "[Mr. Weitz] is a young lawyer who erred, and having gone through these proceedings, believes that he has learned his lesson and would be subjected to hardship if the order and report are not vacated."  *Id.*  Moreover, because only the court, and not the parties, has the power to order the sealing of documents in a court file, the unsealing of documents by the court could not violate any of the terms of settlement between the parties.  The parties could only have agreed to seek the sealing, not agreed to seal the documents.

a pattern of wrongdoing may require a stiffer sanction than an isolated incident . . . ."); *Moody v. Miller*, 864 F.2d 1178, 1182 (5th Cir. 1989) (considering as a factor in the imposition of sanctions against a prisoner litigant that individuals "past history with the federal courts"); *Atkins v. Fischer*, 232 F.R.D. 116, 129-30 (D.D.C. 2005) ("In making a sanctions determination, 'a court should consider whether the attorney's conduct was repetitious as opposed to isolated, willful as opposed to negligent, and whether the attorney has a history of similar conduct in other cases.'") (quoting *MAI Photo News Agency, Inc. v. Am. Broad. Co., Inc.*, 2001 WL 180020, *7 (S.D.N.Y. Feb. 22, 2001)); *Issa v. Provident Funding Grp.,Inc.*, 2010 WL 3245408, *4 (E.D. Mich. Aug. 17, 2010) (considering the filing of multiple frivolous lawsuits in imposing sanctions against law firm in one particular case); *cf. also Janky v. Batistatos*, 259 F.R.D. 373, 381 (N.D. Ind. 2009) ("In considering Rule 11 sanctions, it's proper to review Respondents' history of litigation abuse and sanctions").

This is so because courts need to be able "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Towards this end, federal courts have "the power to control admission to [their] bar[s] and to discipline attorneys who appear before [them]." *Id.* (citation omitted). Although courts should certainly be circumspect in exercising their inherent authority, if a court becomes aware of a pattern of abusive litigation conduct by a particular attorney or litigant, it is incumbent upon that court to take appropriate steps to put an end to such opprobrious behavior. Failing to do so is unfair to the parade of opposing parties injured by the offending attorney or party's conduct in that case and in future cases, and to other litigants, whose cases are delayed as a result of the court's repeated need to address the offending attorney or party's meritless or bad-faith activities. Where courts have previously reprimanded an attorney and that attorney has since failed to heed these courts' warnings, that behavior must be considered in determining whether an attorney's actions in the pending case

4

were undertaken in bad faith and, if so, what, if any, sanctions might be necessary to deter that attorney's similar activities in the future.

    Nor, as Mr. Weitz suggests, do Rules 403, 404(b), or 406 require the opposite conclusion. Under Rule 403, relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs the probative value of the evidence. The Eleventh Circuit has emphasized repeatedly that courts should use Rule 403 to exclude evidence only "very sparingly." *See, e.g., Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985); *Luka v. City of Orlando*, 382 F. App'x 840, 841 (11th Cir. 2010); *Tambourine Comercio Internacional v. Solowsky*, 312 F. App'x 263, 287 (11th Cir. 2009). Moreover, in determining whether evidence should be excluded under Rule 403, courts must "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its prejudicial impact." *Luka*, 382 F. App'x at 841 (quoting *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006)) (quotation marks omitted); *see also Tambourine Comercio Internacional*, 312 F. App'x at 287 (quoting *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989)). Indeed, analysis under Rule 403 requires that "[t]he balance . . . be struck in favor of admissibility." *Tambourine Comercio Internacional*, 312 F. App'x at 287 (quoting *United States v. Tinoco*, 304 F.2d 1088, 1120 (11th Cir. 2002) (citation & quotation marks omitted)). Nonetheless, district courts enjoy "wide discretion" in determining whether to exclude evidence under Rule 403. *Wilson*, 757 F.2d at 1242 (citations omitted).

    While the filings in *Brinker* may turn out to be prejudicial, so is all relevant evidence. But that does not make it unfairly prejudicial. As discussed above, a relevant consideration in the determination of whether sanctions are warranted includes Mr. Weitz's pattern of litigation. It is difficult to conceive of how the Court could consider this factor without reviewing filings and orders in other cases where Mr. Weitz has served as counsel. Furthermore, the matters addressed in the

filings of other cases may well be relevant to the determinations of notice and bad faith. *See, e.g., Haisha v. Countrywide Bank, FSB*, 2011 WL 3268104, *4 (E.D. Mich. July 29, 2011) (dismissal of similar claims in other cases put counsel on notice that claims lacked legal support). Thus, Rule 403 does not preclude review of the *Brinker* filings.

As for Rule 404(b), that rule provides that evidence of other wrongs or acts is "not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). First, Rule 404(b) is not relevant here because under the sanctions analysis, if Mr. Weitz participated in sanctionable conduct before this Court in the past, such behavior does not constitute a "prior bad act." Instead, it appears to be part of an ongoing practice of abusive conduct.

Second, even if Rule 404(b) did apply, Rule 404(b) expressly contemplates the admissibility of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* In this case, the Court would consider the *Brinker* filings for purposes of determining motive, intent, plan, knowledge, and absence of mistake or accident. As a result, by its terms, the prohibitions of Rule 404(b) do not apply.

Mr. Weitz's objections fare no better under Rule 406. That rule relates to the admissibility of evidence to show that a person's actions on one occasion conformed to that person's routine or habitual practices. As with Rule 404(b), however, to the extent that Mr. Weitz engaged in abusive litigation conduct before the federal courts in the past, such conduct is relevant to determining whether an ongoing pattern of abusive litigation conduct exists. Thus, Mr. Weitz's objection under Rule 406 cannot succeed.

*3.  In the Matters of Murchison, 349 U.S. 133 (1955), Is Not Applicable*

Mr. Weitz also invokes *In the Matters of Murchison*, 349 U.S. 133 (1955) ("*Murchison*"),

to oppose the unsealing of the *Brinker* documents.  *See* D.E. 142 at 3-4.  In this regard, he states,

> In *Murchison*, the extreme example to which the Court turned was the propriety of the judge who had sat as the 'judge-grand jury' presiding over the hearing at which the grand jury witnesses were adjudged in contempt for their grand jury conduct. . . .  The Supreme Court held that it was a violation of due process for the judge who acted as a one-man grand jury to also adjudge the witnesses in contempt . . . .

D.E. 142 at 4.

In *Murchison*, the Supreme Court held that a violation of due process occurred where a statutory scheme allowed a state judge to sit as grand jury, compel testimony, charge perjury, try, and convict the persons charged.  *See* 349 U.S. 133.  Any applicability of *Murchison* to the instant matter is not readily apparent to the Court.  But, to the extent that Mr. Weitz's raising of this case intends to suggest that the Court's review of the *Brinker* documents would constitute a due-process violation, this Court must disagree.  First, *Brinker* was addressed at the May 14 and 15, 2012, evidentiary hearing on the sanctions motions.  At that time, *Brinker* was brought to Mr. Weitz's direct attention, and he was given an opportunity to respond.  He insisted that all challenged activities he undertook in *Brinker* were simply the result of a misunderstanding of the law at that time, and not of any bad faith or ill intent.  A review of the publicly available *Brinker* records indicates that Mr. Weitz's statement may not have been entirely accurate.  Mr. Weitz had an opportunity to address the findings in the *Brinker* report and recommendation during the May 14 and 15, 2012, hearing.  That Mr. Weitz may have mischaracterized what happened in *Brinker*, knowing at that time that the *Brinker* report and recommendation was under seal and perhaps gambling that it would remain so, does not somehow render unfair the Court's subsequent review of the *Brinker* documents.

Second, to the extent that Mr. Weitz means to suggest that the Court's review of the *Brinker* documents would be tantamount to what the *Murchison* Court did, this matter is readily distinguishable from *Murchison.*  Whereas the judge in *Murchison* acted as the grand jury, charged,

7

and convicted the individuals in that case, here, Defendants — not the Court — have filed motions seeking sanctions against Mr. Weitz in a case that Mr. Weitz filed. Nor is Mr. Weitz charged with any crime. Moreover, Defendants relied on *Brinker* at the May 14 and 15, 2012, hearing. The Court's duty requires it to consider the sanctions motions Defendants have brought, which are properly before the Court, in order to resolve them. In short, *Murchison* provides no basis for sustaining Mr. Weitz's objections to the Court's seeking to unseal the *Brinker* documents.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Mr. Weitz's Objections to Court's Notice of Intent to Seek Unsealing of Order [D.E. 142] are **OVERRULED**. I have provided the Honorable Barry Garber with a copy of this Order and Mr. Weitz's Objections. I understand Judge Garber to have no objections to providing a copy of Docket Entries 31, 44, 49, 50, and 51 from *Brinker*, Case No. 04-20737-CIV-GRAHAM/GARBER (S.D. Fla.), to me. Consequently, it is hereby **ORDERED and ADJUDGED** that, in the absence of any objections from Judge Garber, Docket Entries 31, 44, 49, 50, and 51 from *Brinker*, Case No. 04-20737-CIV-GRAHAM/GARBER (S.D. Fla.), shall be provided to me for review in this case and for use, if appropriate, in resolving the pending motions for sanctions.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 23rd day of May 2012.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Honorable William J. Zloch
      Counsel of Record